223 P.2d 575

**BRANNON v. FARMER.**
**No. 5301.**

Supreme Court of New Mexico.
Oct. 28, 1950.

Robert H. LaFollette, Albuquerque, for appellant.

Simms, Modrall, Seymour & Simms, Albuquerque, for appellee.

LUJAN, Justice.

The plaintiff-appellee filed his complaint in the district court of Bernalillo County to secure a declaratory judgment fixing the rights of the parties under an agricultural lease. The facts are as follows:

On January 14, 1948, Alva Helweg Farmer, the defendant, leased to Bob Brannon, the plaintiff, a certain tract of land for farming purposes. The lease was in writing and is as follows:

"This contract entered into on this date by and between Mrs. Alva Helwig, later known in this contract as party of the first part, and Bob Brannon, later known as party of the second part, Both of Edgewood, N. Mex.

"(1) Party of the first part, owning the SW¼ of Sec. 9 and the SE¼ Sec. 8 T. 10 R. 7E. Santa Fe County, New Mex. is renting this property to the said party of the second part, for a period of five years. Beginning January 1, 1948 ending December 31, 1952. This tract of land contains 320 acres of which approx. 200 acres is in cultivation.

"(2) Party of the second part agrees to farm the cultivated land in a workman like manner, and pay to the party of the first part her portion of crop rent as described below.

"(3) Any beans harvested from any portion of this land the party of the first part is to receive one fourth for rent delivery to be taken at farm. (Is agreed party of the first part will pay customary threshing expense of her portion based on customary charge for stationary threshing.) If any portion of land is planted to wheat or any other grain, party of the first part is to

receive one fourth as her rent, delivery to be taken on farm, but no expense for combining, or any other manner of harvesting or threshing of this small grain is to be borne by the party of the first part. This will be the expense of party of the second part.

"(4) * * *.

"(5) Should any question arise, that is not clear or mentioned in this contract, then it is agreed between both parties that what ever is customary in this locality in renting and farming land in this manner, will prevail."

In the year of 1948, which was a poor year, the plaintiff raised 15221 pounds of beans on this tract of land, one-fourth of which he delivered to the Bassett warehouse to be credited to the defendant as rent. She sold these beans through this warehouse and received her money for them. At the time these beans were delivered to the Bassett warehouse the defendant did not object to the place of delivery or complain because they had not been delivered to her at the farm. In 1949, which was a better year, the plaintiff raised 34534 pounds of beans, in addition to some wheat and oats, which are not involved in this controversy. This crop of beans was again delivered to the Bassett warehouse where 8634 pounds, or one-fourth of them were credited to defendant's account, although the defendant had instruct-

ed the plaintiff's son, through whom he cultivated the leased premises in 1949, that she did not want the beans taken to the Bassett warehouse, but instead that she wished them delivered to the Guest warehouse. The controversy arose over which warehouse should have been used to store them.

On November 4, 1949, the defendant notified the plaintiff that she was terminating the lease. The notice so far as material reads as follows:

"You will hereby take notice that the undersigned Lessor, Alva Farmer, formerly Alva Helweg, hereby elects to terminate on account of your non-performance in payment of the rental, that certain Lease dated January 14, 1949, covering 320 acres of land situated in Santa Fe County, in the State of New Mexico, and more particularly described as follows: (Here follows description.)"

"You are further notified to vacate said premises within three (3) days from the service upon you of this Notice to Quit."

The defendant claims that the lease was terminated by her after due notice, because of an alleged breach of the following condition contained in the lease: "Any beans harvested from any portion of this land the party of the first part is to receive one-fourth for rent delivery to be taken at farm."

At the conclusion of the case the lower court gave judgment in favor of the plaintiff and the defendant appeals.

Of the fifteen errors assigned, but one is worthy of consideration; that is whether the defendant had a legal right to terminate the lease for failure of the plaintiff to deliver her share of the beans at the farm as provided in the contract.

 We have reviewed the evidence to determine whether the trial court's finding "that the defendant did not insist on taking her rent in beans at the farm, but requested the plaintiff's son to take them to the Guest Warehouse instead of the Bassett warehouse where the crop was taken the year before," is supported by substantial evidence. We conclude that it is. To say the least, the defendant (lessor) may not suddenly invoke the harsh remedy of forfeiture based on a statutory three (3) day notice to quit for tenant's failure to comply literally with the covenant of the lease to deliver rental "on the farm" without notice to tenant and an opportunity to comply, after having herself consented to delivery elsewhere the year before and after having given express instructions to tenant through his son to ignore the lease proviso for the year in question. Viewed realistically, the defendant's attempted forfeiture was not for failure to deliver the beans on the farm. It was for failure to follow her direction to deliver them *at the Guest Warehouse.*

Under the terms of contract the defendant has the right to have her share of the beans, hereafter harvested, delivered "in the dirt at the farm." As this is a declaratory action, she may, if she desires, make application to the District Court in this case for such an order. If such order is entered the court may, of course, compel compliance therewith on the part of the plaintiff.

Finding no error the judgment is affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.